OPINION
{¶ 1} Crystal Bierley appeals a judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, which granted temporary custody of her two minor children to Tuscarawas County Job and Family Services. Appellant assigns three errors to the trial court:
 {¶ 2} "I. The state failed to prove by clear and convincing evidence that jazmine bierley and jordan bouska are neglected children.
 {¶ 3} "II. The state failed to prove by clear and convincing evidence that jazmine bierley and jordan bouska are dependent children.
 {¶ 4} "III. Reasonable efforts were not made by tuscarawas County job and family services to reunite appellant's children."
 {¶ 5} The record indicates appellant had a court hearing in a paternity action regarding her daughter Jazmine Bierley. She left her children in the care of Todd M. Demuth, who had been a guest in the home the night before. Appellant testified before she left she instructed Demuth on how to give Jorden his nebulizer treatments for his asthma, and showed him where the nebulizer was kept. Appellant testified when she left for court, Jorden was in his crib and Jazmine was dressed in her pajamas and playing with her toys. Appellant testified she locked the door to her apartment and left for court.
 {¶ 6} Sometime later, police were called when Jazmine, who was approximately two years old at the time, was found wandering naked on a public street. The police went to the Bierley home, where Demuth informed them he had fallen asleep on the couch and did not know Jazmine had left the apartment. While the officer was at the apartment, appellant's regular babysitter arrived and advised Jorden needed his breathing treatment. Jorden was approximately six weeks old at the time. The officer testified when he first observed Jorden, he was not wearing a diaper, because a soiled diaper had falled off of him. He was wrapped in a blanket. A large amount of some liquid had been spilled onto the mattress. The apartment was cluttered and what appeared to be drugs and drug paraphernalia were found within easy reach of Jazmine. Contrary to appellant's assertions, Demuth told the investigating officer and the representative of Job and Family Services he had no idea if Jorden required any particular medical treatment, although Jorden was experiencing respiratory distress. Demuth also indicated to the officer he had no idea when appellant would return to the apartment. Appellant ultimately appeared at the police department sometime between 6:00 and 7:00 p.m. the same day.
 {¶ 7} The magistrate found the children were neglected and dependent. Appellant's objections to the magistrate's finding were dismissed based on the failure to request a transcript.
 {¶ 8} In the dispositional phase of the hearing, the magistrate found the circumstances which existed at the time of the removal of the children had not yet been resolved, and there was evidence presented Jorden Bouska had been abused. The magistrate found it was not safe for the children to be returned to appellant without additional information concerning the nature and source of Jorden's injuries. The magistrate found there was no suitable relative to take the children, and each element of the reunification plan has supportive services offered by Job and Family Services to assist the parents. The magistrate found it was in the best interest of the children to remain in the temporary custody of Job and Family Services.
 {¶ 9} After hearing appellant's objections to both the adjudication and dispositional recommendations of the magistrate, the trial court overruled the objections and adopted the magistrate's recommendation.
 I {¶ 10} In her first assignment of error, appellant urges the State failed to prove by clear and convincing evidence the children were neglected. As appellee correctly states, a judgment which is supported by competent and credible evidence going to each essential element of the case shall not be reversed by this court as being against the manifest weight of the evidence, C.E. Morris Company v. Foley ConstructionCompany (1978), 54 Ohio St. 2d 279.
 {¶ 11} The trial court made a finding, pursuant to R.C. 2151.03(A)(2), that the children's situation demonstrated they lacked adequate parental care due to the faults and habits of the parents. The court also found pursuant to R.C. 2151.03 (A)(3), that the parents had failed to provide medical or other care necessitated by the child's condition.
 {¶ 12} We find the record contains sufficient, competent and credible evidence to demonstrate the children were left in the care of unsuitable babysitter, which resulted in Jazmine wandering naked through the streets and Jorden not receiving his medication. This is sufficient to permit the trial court to conclude the children were neglected.
 {¶ 13} The first assignment of error is overruled.
 II {¶ 14} In her second assignment of error, appellant urges the trial court's finding the children are dependent was not supported by clear and convincing evidence.
 {¶ 15} The trial court found the children's condition and environment were such that was it was appropriate for the State to assume their guardianship. In addition to the lack of parental care, see I, supra, there was evidence presented regarding drugs and drug paraphernalia within access of the two-year old child, which demonstrates sufficiently the children's environment was inappropriate and warranted State intervention.
 {¶ 16} We find there was sufficient, competent and credible evidence to support the trial court's finding of dependency.
 {¶ 17} The second assignment of error is overruled.
 III {¶ 18} In her third assignment of error, appellant urges Tuscarawas County Job and Family Services did not make reasonable efforts to reunite her with her children.
 {¶ 19} Ordinarily, this is an issue raised in permanent custody proceedings. However, the magistrate found Tuscarawas County Job and Family Services had made sufficient reasonable efforts to reunite appellant's children by offering a case plan and supportive services to assist her in remedying the conditions which caused the children to be removed.
 {¶ 20} We find the trial court was correct in finding the reunification offered by the Tuscarawas County Job and Family Services, along with supportive services, were reasonable efforts the agency made to assist in reuniting appellant's family.
 {¶ 21} Appellant also suggests the children's maternal grandmother was available and the children could have been placed with her.
 {¶ 22} There was evidence presented at the dispositional hearing the grandmother had a felony conviction for assault, and had a history of involvement herself with the Tuscarawas County Job and Family Services. There was testimony offered the grandmother had specifically indicated she had no particular concerns with the situation which resulted in the removal of the children. We conclude the above constitutes sufficient, competent and credible evidence to demonstrate there was not suitable relative available to take these children.
 {¶ 23} The third assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed.
Gwin, J., Hoffman, J., and Boggins, P.J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed. Costs to appellant.